JANICE E. BARRY, APPELLANT, v. KEITH T. MOORE, APPELLEE.

108 N. W. 2d 401

Filed March 31, 1961. No. 34920.

*Richards, Yost & Schafersman,* for appellant.

*Chambers, Holland, Dudgeon & Hastings,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Janice E. Barry, plaintiff and appellant, against Keith T. Moore, defendant and appellee, to recover damages for personal injuries alleged to have been sustained as the result of negligence of the defendant in the operation of an automobile by him on a public highway in Dodge County, Nebraska, on the evening of September 28, 1959. The action was originally commenced in the name of James L. Baker, guardian of Janice E. Baker, a minor. Before the trial of the case she was married and thereby attained her majority. She was then substituted as the plaintiff. The case was tried to a jury which returned a verdict in favor of the defendant. Judgment was rendered on the verdict. A motion for new trial was duly filed. This motion was overruled. An appeal was duly taken by plaintiff from the judgment and the order overruling the motion for new trial.

By the petition filed in the case it is declared and the evidence discloses without dispute that at the time in

question the plaintiff was riding as a guest in an automobile operated by one Larry Gitt on what is known as U. S. Highway No. 30 westward out of Fremont, Nebraska, and that when they reached a point estimated at from 2 to 4 miles west of Fremont the automobile in which the plaintiff was riding was struck in the rear by an automobile owned and operated by the defendant. Both automobiles were proceeding westward on this highway at the time. The hour was between 10:30 and 11 p.m.

By her petition the plaintiff pleaded that the collision was the result of negligence on the part of the defendant in numerous particulars, only three of which were submitted to the jury by the instructions. Error is not predicated on this. These were that the defendant was driving at an excessive rate of speed; that he failed to observe the automatic turn signals in operation on the automobile in which plaintiff was riding; and that he was negligent in attempting to pass the automobile in which plaintiff was riding while it was making a left-hand turn. She pleaded of course that as a result of this negligence she was injured.

To the petition the defendant filed an answer in which he denied that he was guilty of any negligence. Further the defendant alleged the collision was caused by the negligence of the driver of the automobile in which the plaintiff was riding. From the acts of negligence charged the court submitted only the charge that this driver failed to keep a proper lookout; that he failed to signal a left-hand turn; and that he failed to ascertain whether or not a left-hand turn could be made safely. No question of sufficiency of instruction in this area is presented.

By the answer it was also pleaded that the plaintiff was guilty of contributory negligence, but the charge was not supported by evidence and instructions as to it were not submitted to the jury. It therefore requires no further mention herein.

The facts in the case are not in any large degree in dispute. The plaintiff, then unmarried, was riding with Gitt in the front seat of his automobile. They proceeded westward with the intention of turning left across the south lane of Highway No. 30 onto a road leading south to what has been referred to as the lakes. Gitt said in substance that when he was about 175 feet east of the intersection where the turn was to be made he looked in his rear-vision mirror and saw an automobile which the evidence indicates was the one operated by the defendant about ¼ mile away; that he pulled down his left-turn light lever and commenced a movement to the left or eastbound driving lane of the highway; that thereafter he never looked back again; that after his car was over the center line about 1 foot or 1½ feet he heard a screeching sound of tires and a horn and his car was hit from the rear; that at the time he was traveling about 20 or 25 miles an hour; that at the time of the collision his car was about 4 or 5 feet from the south edge of the pavement; and that the collision took place about 50 feet east of the intersection where he intended to turn to the left off Highway No. 30. The collision was between the left rear of the Gitt automobile and the right front of that of the defendant. It is clear from all the evidence that the collision occurred when the automobile of Gitt was at least in part in the south lane, or as related to the direction the parties involved were traveling in the left-hand lane. It is also clear that it was not in the process of making a turn in an intersection but before reaching it.

The defendant testified in his own behalf and in substance said that he observed the Gitt automobile from the time he left the western limits of Fremont and followed it up to the time of the collision; that he drove faster than Gitt or at a speed of 55 miles an hour; that he pulled to the south lane to pass and without warning signal the Gitt automobile pulled in front of him into the left lane whereupon he applied his brakes and his

car skidded forward and struck the rear end of the Gitt car when the Gitt car was about 50 feet east of the intersection. The other evidence on behalf of the defendant is in accord with his testimony.

On the evidence of which this is a summary the question of whether or not the defendant was guilty of actionable negligence and the question of whether or not the collision was caused by the negligence of Gitt was submitted to a jury. Neither party urges here that these questions were not properly submissible for determination by a jury.

As grounds for reversal the brief of appellant contains seven assignments of error. The first and second are too general to require special consideration. By the fifth it is urged that an instruction should have been given telling the jury that negligence of plaintiff's driver could not be imputed to her. The giving of such an instruction would have been on a matter which was in nowise presented by pleading or evidence. It would have been a negative instruction on a nonexistent issue. The cases cited do not support the contention that instruction as to imputed negligence should have been given. The assignment is without merit.

By the sixth assignment of error it is urged that the court erred in giving an instruction without the presence of the parties or their counsel. This was given at the request of the jury. The instruction fails to respond to the request. It is a mathematical answer and as made could have doubtless been computed accurately by any of the jurors. It gave therefore no incorrect information and none which did not flow from what was before the jury. In the light of pertinent rules with regard to instruction of juries it appears that this should be regarded as error, however without prejudice since it could not in reason be said to have misled the jury.

The proper procedure in a case where additional instructions are to be given to a jury is as follows: "If it becomes necessary to give further instructions to a

jury while it is deliberating, the proper practice is to call the jury into open court and to give any additional instructions in writing in the presence of the parties or their counsel." Taulborg v. Andresen, 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642. See, also, Wiegand v. Lincoln Traction Co., 123 Neb. 766, 244 N. W. 298.

By the seventh assignment of error it is urged that the court erred in failing to instruct concerning statutory provisions concerning overtaking and passing at an intersection. The simple answer to this is that here was no intersection accident, but one which without dispute occurred before an intersection was reached. The statute relates to "traversing" an intersection and not approaching one. See § 39-7,110, R. R. S. 1943.

By the two remaining assignments of error the plaintiff challenges the propriety and sufficiency of the instructions relating to proximate cause.

By instruction No. 5 the jury was told that if it found that the negligence of plaintiff's driver was the proximate cause of the accident it must find for the defendant. The particular objection is that the instruction was insufficient because the term "proximate cause" was used instead of "sole proximate cause." Proximate cause was defined in instruction No. 10. No objection is made to this definition. That definition is as follows: "By the term 'proximate cause' is meant the primary or moving cause or fault where no other and independent cause disconnected therewith and self-operating, intervenes to produce the result." The two considered together properly and adequately informed the jury as to the meaning of proximate cause for the purpose for which the instruction was given. That purpose was to say that if the accident was the result alone of the negligence of Gitt the plaintiff could not recover against the defendant.

It is true that the term proximate cause has significations other than the one contained in the two instructions which have thus far been examined, but they are

not important in the determination of the propriety of these for the purpose for which they were given. The third assignment of error taken separately must be said to be without merit.

The fourth assignment of error on its face lacks clarity, but the argument in support of it makes it clear that the complaint is that the court submitted the case on a theory which limited the right to recover only on proof of negligence of the defendant which was the proximate cause of the accident.

Examination of the instructions sustains this contention. Whether or not this was sufficient must be ascertained by a reference to the evidence adduced.

From the evidence which has been sufficiently summarized herein there was a jury question as to whether or not negligence of the defendant was the sole cause of the accident; there was a jury question as to whether or not negligence of Gitt was the sole cause of the accident; there was a question of whether or not negligence of the defendant and Gitt concurred to cause the accident; and of great significance was a question of whether or not there was negligence by the one or the other which was the proximate cause of the accident and negligence by the other which proximately contributed to cause the accident. Here were issues to be determined by a jury which, except as stated, were never submitted by instructions.

The jury was informed by the instructions that the plaintiff could recover only if it was proved by a preponderance of the evidence that the proximate cause of the accident was the negligence of the defendant in one or more of the particulars alleged, or that the accident would not have occurred but for the negligence of the defendant in one or more of the particulars alleged.

Specifically, the jury was not informed as to the theory of concurrent negligence as the proximate cause, and the respective legal rights and liabilities of the

plaintiff and defendant in such an instance. It was not informed as to the legal rights and liabilities in the event that negligence of the defendant was found which was the proximate cause which cause was proximately contributed to by Gitt. Also it was not informed as to the legal rights and liabilities of the parties in the event that the negligence of Gitt was the proximate cause of the accident but that negligence of the defendant proximately contributed thereto.

On these issues the court was required to instruct whether request was made or not. The rule is stated in Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732, as follows: "The trial court has the duty to instruct the jury on issues presented by the pleadings and evidence, whether requested to do so or not, and a failure so to do constitutes prejudicial error." See, also, Hackbart v. Rohrig, 136 Neb. 825, 287 N. W. 665; In re Estate of Keup, 145 Neb. 729, 18 N. W. 2d 63; Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680; Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571.

There was no request made by the plaintiff for instruction in this area. That failure however did not absolve the court from the duty to instruct. This is true since the plaintiff's claim was based on the broad ground of negligence for which the defendant was required to respond in damages. If he was guilty of negligence which solely, or in concurrence with Gitt, or which proximately contributed to the accident, the plaintiff being in nowise responsible for it, the plaintiff was entitled to a recovery of her damages, if any, from him. The jury was entitled to be so informed, and a failure so to do by the court was prejudicial error.

The rule which is the basis for this conclusion is stated as follows in Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569: "Where the independent tortious acts of two persons combine to produce an injury indivisible in its nature, either tortfeasor may be held for the entire damage—not because he is responsible for the act

of the other, but because his own act is regarded in law as a cause of the injury." See, also, Rogers v. Brown, 129 Neb. 9, 260 N. W. 794; Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683; Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557.

For the reason that the court failed to properly instruct the jury on the issues presented by the pleadings and supported by evidence the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.