JAMES W. CARLSON, APPELLEE, v. IRVING E. CHAMBERS, APPELLANT.

112 N. W. 2d 729

Filed January 12, 1962. No. 35066.

*Fraser, Wenstrand, Stryker, Marshall & Veach,* and *James A. Buckley,* for appellant.

*Charles E. Kirchner* and *James J. Fitzgerald,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in an action for damages to an automobile resulting from a collision. James W. Carlson, the plaintiff and appellee, recovered a judgment for $700 against the defendant, Irving E. Chambers. The defendant's motion for new trial or for judgment notwithstanding the verdict was overruled and he then appealed.

The accident happened at about 10 o'clock on a Sunday morning, February 22, 1959, in Omaha, Nebraska. The weather was partly cloudy but visibility was good. The paving was wet.

The collision occurred at the intersection of Dodge Street and Thirty-fifth Avenue. Traffic at this intersection is controlled by signal lights.

The plaintiff was driving west on Dodge Street. Dodge Street has four traffic lanes and two parking lanes near the curbs. The speed limit on Dodge Street is 35 miles per hour.

The defendant was driving south on Thirty-fifth Avenue. Thirty-fifth Avenue is a narrower street and is barely able to accommodate two-way traffic if vehicles are parked at both curbs. The speed limit on Thirty-fifth Avenue is 25 miles per hour.

There is a retaining wall north of the sidewalk at the northeast corner of the intersection but the evi-

dence is in dispute as to how much interference there is with the vision of traffic approaching the intersection from the east and north.

The plaintiff alleged that after he had entered the intersection on a green light, the defendant, driving at an excessive speed, entered the intersection on a red light and collided with him. The plaintiff specifically alleged that the defendant violated the ordinance relating to traffic lights, failed to yield the right-of-way, failed to keep a proper lookout, drove at an excessive speed, and failed to maintain proper control over his automobile.

The defendant alleged that he entered the intersection on the green light and that the plaintiff entered the intersection on a red light and collided with him. The defendant further alleged that the sole proximate cause of the collision was the negligence of the plaintiff in failing to yield the right-of-way, failure to maintain a proper lookout, and failure to maintain reasonable control.

The plaintiff produced evidence that he was driving from 30 to 35 miles per hour in the traffic lane nearest the centerline as he approached the intersection where the accident happened; that the traffic light at the northwest corner of the intersection was green for westbound traffic; that when he was approximately 75 feet east of the intersection he saw defendant's automobile going south on Thirty-fifth Avenue at about 20 to 25 miles per hour; that the defendant was then about 40 feet north of the intersection; that the plaintiff began to slow down and applied his brakes and turned slightly to the southwest when it appeared that the defendant was not going to stop; and that the right front of the plaintiff's automobile and the left front of the defendant's automobile collided in the intersection; and that as he got out of his automobile after the accident, the traffic light was just changing from green to yellow to red.

The defendant produced evidence that when he was

150 feet north of the intersection he saw that the traffic light at the southeast corner was green for southbound traffic; that he approached and entered the intersection traveling approximately 20 miles per hour with the traffic light green; that as he entered the intersection he heard brakes being applied, looked to the east, and saw the plaintiff's automobile about 25 feet away; that he attempted to accelerate his automobile to avoid the collision, but the front. of plaintiff's automobile collided with the left front wheel of his automobile; and that he could have stopped his automobile within 10 or 20 feet.

The assignments of error all relate to the trial court's instructions to the jury. We are primarily concerned with instructions Nos. 4, 5, and 6.

Instruction No. 4 was apparently based upon the Omaha ordinance relating to traffic lights. By it the jury was advised as to the duty of a motorist when a green, yellow, or red light was displayed and that violation of the ordinance was not negligence per se but was evidence of negligence.

By instruction No. 5 the trial court advised the jury that a green light was a permission to proceed only if in the exercise of ordinary care it appeared safe and proper to do so and that a motorist could not disregard other persons or vehicles already within the intersection.

Instruction No. 6 was as follows:

"You are instructed that if you find from a preponderance of the evidence that the Defendant entered the intersection of 35th Avenue and Dodge Street with the traffic signal showing green for north and southbound traffic, said Defendant had the right of way in said intersection and it was the duty of the Plaintiff to grant said right of way to said Defendant, and in that case your verdict will be for the Defendant.

"If, on the other hand, you find from a preponderance of the evidence that the traffic signal for east and westbound traffic was *red* when the Plaintiff entered said intersection then it was the duty of the Defendant to

yield the right of way to the Plaintiff, and in that event your verdict will be for the Plaintiff in the sum of $700.00 and the costs herein expended." (Emphasis supplied.)

There is no assignment of error based directly upon what appears to have been an inadvertent substitution of the word "red" for "green" in the second paragraph of instruction No. 6. However, it is a plain error which the court may, at its option, notice under Rule 8 a 2 (4) of the Revised Rules of this court.

The second paragraph of instruction No. 6 was an incorrect statement of the law and conflicted with the first paragraph of the instruction and with instructions Nos. 4 and 5. Conflicting instructions are erroneous and they are prejudicial unless it is apparent from the record that the jury was not misled thereby. Carter v. Chicago, B. & Q. R. R. Co., 170 Neb. 438, 103 N. W. 2d 152. There is no basis here upon which to say that the jury was not misled. There are, however, other errors assigned which are sufficient to require that the judgment be reversed.

Instruction No. 6, if properly worded, would have limited the issues to the question of which driver had a green light at the time he entered the intersection. The issue as to proper lookout and proper control on the part of each driver was excluded from consideration by the jury, and the jury was instructed as to the amount of the verdict to be returned if it found for the plaintiff on the issue of liability. There was no instruction given on the comparative negligence statute, section 25-1151, R. R. S. 1943.

The trial court has the duty to instruct the jury on the issues presented by the pleadings and evidence, whether requested to do so or not, and a failure to do so constitutes prejudicial error. Barry v. Moore, 172 Neb. 57, 108 N. W. 2d 401.

As we view the record, the trial court should have submitted the issues of proper lookout and proper con-

trol on the part of each driver to the jury and should have instructed the jury with reference to the comparative negligence statute. See Baty v. Wolff, 162 Neb. 1, 74 N. W. 2d 913.

Also, the trial court should have instructed the jury as to the applicable measure of damages. A failure to instruct the jury on the proper measure of damages is error. Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265.

The effect of instruction No. 6 was to direct a verdict as to the amount of damages if the jury found the defendant liable to the plaintiff. The defendant was denied the benefit of the provision in section 25-1151, R. R. S. 1943, the comparative negligence statute, which provides that "the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff." The defendant was further denied the benefit of the jury's consideration of what conflict there was in the evidence offered by the plaintiff to prove the damages.

The defendant's motion for new trial should have been sustained. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.