PEARL C. HOPWOOD, APPELLANT, v. GEORGE VOSS ET AL., APPELLEES.

117 N. W. 2d 778

Filed November 9, 1962. No. 35188.

Kenneth H. Dryden, Smith Brothers, and Soren S. Jensen, for appellant.

John E. Dougherty, for appellee Voss.

Tye, Worlock & Knapp, for appellees Aetna Cas. & Surety Co. et al.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action for damages for personal injuries by Pearl C. Hopwood, plaintiff and appellant, against George Voss, defendant and appellee. Aetna Casualty and Surety Company, a corporation, and the City of Kearney, a municipal corporation, were made parties on account of their rights of subrogation in the event of recovery in damages by the plaintiff for payments made by them pursuant to the Workmen's Compensation Act. Further mention of these parties will not be required. Hopwood will be referred to hereinafter as plaintiff and Voss as defendant.

The case was tried to a jury and a verdict was rendered in favor of the defendant and against the plaintiff. Judgment was rendered on the verdict. Thereafter a motion for new trial was filed. This motion was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

This case was before this court previously as Hopwood v. Voss, 172 Neb. 204, 109 N. W. 2d 170, but it is pointed out that the matters decided there are not of any controlling significance as to the matters presented by this appeal.

The action arose out of a head-on collision between an automobile and a tractor operated on Twenty-sixth Street, a street of the city of Kearney, Nebraska, at about 8:30 p.m. on June 24, 1958. On that date one Gene Harvey was driving a tractor eastward on the north side of Twenty-sixth Street at a speed of not to exceed 5 miles an hour. Attached to the rear of the tractor was a trailer on which was carried a device for spreading a chemical fog the purpose of which was to destroy certain insects. The device was in operation and was being operated by the plaintiff. When the tractor and the accompanying device reached a point about halfway between Avenue E and Avenue G the defendant came from the east in a Ford automobile at a speed of 25 to 30 miles an hour and came into collision with the front

end of the tractor. As a result of this collision the plaintiff was injured.

By his petition the plaintiff alleged that the defendant was guilty of negligence which was the proximate cause of the collision and of his injuries. The defendant denied these allegations and alleged affirmatively that the accident and injuries were proximately caused by the heedless, reckless, and negligent acts of the operator of the tractor.

He pleaded further that the plaintiff was guilty of contributory negligence, but this court, in the earlier case referred to herein, concluded that such a defense was not on the evidence available to the defendant.

There are five assignments of error which the plaintiff has asserted as grounds for reversal. One of them generally is that the verdict is contrary to law. It requires no separate consideration. On the basis of the other four, the question of whether or not the verdict is supported sufficiently by evidence, and the further question of whether or not there is reversible error in instructions given and a failure to instruct properly and sufficiently, are presented.

By the second assignment of error it is urged that the verdict of the jury is contrary to and against the overwhelming weight of evidence. It is observable that the complaint is not that the verdict had no evidence to support it but that it was contrary to evidentiary weight.

With regard to the right of this court to weigh evidence in an action at law for damages, this court said in Nisi v. Checker Cab Co., 171 Neb. 49, 105 N. W. 2d 523: "It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence." See, also, Snyder v. Farmers Irr. Dist., 157 Neb. 771, 61 N. W. 2d 557; Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701; Corbitt v. Omaha Transit Co., 162 Neb. 598, 77 N. W. 2d 144; Johnston v. Robertson, 171 Neb. 324, 106 N. W. 2d 192; Graves v. Bednar, 171 Neb. 499, 107 N. W. 2d 12.

As to the question of negligence the plaintiff as incidents thereof alleged that the defendant failed to maintain a proper lookout for vehicles or equipment belonging to the city; that the defendant operated his car at an excessive rate of speed, said speed being in excess of 25 miles an hour; that the defendant negligently failed to maintain the control of his said vehicle necessary to prevent the same from running into, upon, and against the vehicle in which this plaintiff was traveling; and generally that the defendant failed to operate his vehicle so as to prevent it from running into, upon, and against the vehicle on which the plaintiff was riding. He did not charge negligence or contributory negligence against anyone else.

The defendant filed an answer in the case in which he charged that the plaintiff's injuries were proximately caused by the negligence of the driver of the tractor which was pulling the trailer on which the plaintiff was riding. The specifications were that this driver failed to keep and maintain a proper lookout; that he failed to have the machine under control; that he failed to drive his machine upon the right half of the highway; that he failed to seasonably turn his machine from the left-hand side to the right-hand side so as to permit the defendant to have the legal right-of-way; that he failed to give any signal or warning of his intention to usurp the use of the left-hand side of the highway; that if he had looked he could have observed that he had time to turn to the right and avoid a collision, but this he failed to do; and generally that he failed to yield the right-of-way.

By the answer negligence and contributory negligence of the plaintiff were pleaded but this court in its former opinion, which is cited herein, concluded that this defense was not available to the defendant. The reply was a general denial. The driver of the tractor will be hereinafter referred to as Harvey.

A review of the pertinent evidence in support of the

pleaded cause of action of the plaintiff discloses that there was evidence that on the evening in question the plaintiff and Harvey, on behalf of the city of Kearney, were engaged in the distribution of a chemical composition to produce a spray or fog which, after moving under power about 5 feet, floated about 20 feet with the wind and thereafter it raised and was carried in the direction of the wind about a block; that at the time the wind was from the southeast; that the purpose was to destroy insects in the air and in foliage; that at the time in question it was at least dusk, if not dark; that the operation was from west to east on the north or left-hand side of Twenty-sixth Street; that Twenty-sixth Street is not paved but it has a graveled surface estimated to be of the width of 30 to 35 feet; that Harvey was operating the tractor behind which a trailer was attached; that the plaintiff was riding on the trailer and was operating the fogging device but had no control over the operation of the tractor; that at the time of the collision the tractor and trailer were off the traveled portion of the street and on a part which has been referred to as a borrow pit; that there is some evidence that the right side may have been outside and to the south of the borrow pit a short distance; that the way was clear and unobstructed to the east and one could possibly see for a distance of 2 blocks without lights; that the defendant's car, which had lights, could be seen at a distance of 4 or 5 blocks; that at the time there was no fog to the south and the fog being created was moving to the northwest; that the movement of the tractor eastward was not over 5 miles an hour; that the tractor had observable headlights which could be seen from the east; that at the time of the collision neither the plaintiff nor Harvey was looking to the east; and that the tractor and defendant's automobile collided head-on and after the collision stood from 1 to 1½ feet apart.

Against this is evidence that the defendant came from the east on his right side of the street and on the traveled

portion at 25 to 30 miles an hour and when he was about a block from the point of collision he observed what appeared to be smoke which obscured his vision on account of which he could not and did not see the tractor or its lights; that he drove into this smoke and the front end of his automobile collided with the front end of the tractor; and that at the time the tractor and trailer were entirely in the traveled portion of the street and not in the borrow pit.

The manifest and single purpose of the plaintiff was, by his pleading, to state a cause of action against a single defendant and to prove the pleaded cause of action against that one defendant. He offered no evidence manifesting directly or inferentially a contention that Harvey was in anywise responsible.

The purpose of the defendant was to plead negatively a denial of plaintiff's claim, and affirmatively that plaintiff's injuries were caused by negligence of Harvey.

Examination of the evidence discloses that there was competent evidence of probative value to support the cause of action of plaintiff. This was counteracted by evidence also of probative value. The contention of the defendant that negligence of Harvey caused the accident found support in the evidence. There was, as to this, evidence of probative value to the contrary.

The issues tried and presented for review here were of disputed fact and for determination by the jury. It follows therefore that on the basis of the principle set out herein the second assignment of error may not be sustained.

The next assignment of error is that the court erred in failing to instruct regarding the duty of the driver of a motor vehicle when his vision is obscured by fog or smoke. The following instruction in this area was given by the court: "You are instructed that the presence of fog or smoke on a highway is not an independent intervening cause as that term is mentioned in the definition of 'proximate cause,' but is, rather, a condition of

the highway which it is the duty of the driver of a motor vehicle to take into consideration in operating his motor vehicle." As a statement of principle this has been approved. See, Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825; Jones v. Union P. R. R. Co., 141 Neb. 112, 2 N. W. 2d 624; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250. The plaintiff requested no further or more explicit instruction with regard to this subject. Under the circumstances disclosed it must be said that if the plaintiff desired more specific instruction it was the duty of his counsel to offer a more specific instruction. See Graves v. Bednar, *supra.* The assignment of error may not be sustained.

The remaining two assignments of error deal with a single subject matter and will be considered together. The charge in them is that the court erred in giving instructions Nos. 4 and 8, for the reason that they did not properly and sufficiently submit the theory of proximate cause, or more particularly the controlling principles relating to more than one cause which proximately contributed to an accident.

By instruction No. 4 the jury was told that the burden was on the plaintiff to prove that the defendant was guilty of one or more of the acts of negligence alleged by plaintiff, and that such negligence was "the proximate cause" of plaintiff's injuries.

By instruction No. 8 the jury was told that if any damages of plaintiff were not "caused proximately" by negligence of the defendant in this case the plaintiff would not be entitled to recover. The claimed error as pointed out in the brief is that the issue to be determined by the jury was that of whether or not the defendant Voss was guilty of any negligence which constituted or was part of the proximate cause resulting in the accident and injuries to the plaintiff, but that these two instructions did not inform the jury that if the plaintiff had proved that the negligence of the defendant constituted any part of the proximate cause,

combined with any negligence on the part of the driver of the tractor, in such an event, the jury should find for the plaintiff. In other words, it is contended that by these instructions the jury was told only that it could find for the plaintiff if it found that the proximate cause was the conduct of the defendant, but did not tell it that it could also so find if the defendant was guilty of a negligence which only proximately contributed to the accident.

As an abstract and academic statement, and citations are not necessary to support it, where in a case it is pleaded and it is proved that two or more parties, even though recovery is sought against only one, were guilty of combined negligence which taken together proximately caused injuries to a plaintiff, the entire damage may be assessed by a jury against the one made a party.

The record in this case does not disclose that the two instructions, in the light of instruction No. 6 which was given, run in contravention of this statement. They are in this light in strict conformity with it. The petition charges that the negligence of the defendant Voss was "the proximate cause."

The case was tried and all evidence was adduced at the conclusion of which no amendment to the petition was made or offered. Also there was no manifest effort made to present the case on a theory of causation of the accident by the defendant and Harvey.

It follows therefore that by these instructions the case was submitted in strict conformity with the pleaded cause of action and the evidentiary theory of the plaintiff. This was in conformity with established rules. In Springer v. Henthorn, 169 Neb. 578, 100 N. W. 2d 521, it was said: "The charge of the trial court to the jury should be confined to the issues presented by the pleadings and supported by the evidence." See, also, Becks v. Schuster, 154 Neb. 360, 48 N. W. 2d 67; Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677; Owen, Admr. v. Moore, 166 Neb. 226, 88 N. W. 2d 759.

The plaintiff may not therefore properly complain that these two instructions did not present the issues presented by his pleaded cause of action and his apparent theory of proof.

If it should be assumed that in view of the fact that the defendant asserted by his answer that the accident and injuries were caused by the negligence of Harvey the plaintiff was entitled to the benefit of the combined evidence rule and instruction in pursuance thereto, still it may not be said that there was improper or insufficient instruction.

To present this theory the plaintiff tendered an instruction in pertinent part as follows: "Therefore, if you find that the negligence of the defendant, George Voss, was a proximate cause of the accident, or a proximately contributing cause of the accident, although Harvey may have been to some degree negligent, the defendant Voss is responsible for the whole result and the degree of blame as between himself and Harvey is immaterial."

The instruction was refused. Instead, on this subject the court on its own motion gave instruction No. 6 which contained the following: "If the plaintiff * * * has satisfied you by the preponderance of the evidence that the defendant * * * was negligent in any of the respects charged against him * * * and * * * If you further find from all of the evidence in the case that Gene Harvey * * * was also negligent in any of the respects charged * * * and * * * That the proximate cause of the accident was the combined and concurrent negligence of the two * * * Then your verdict must be for the plaintiff * * * and this result would follow even though the negligence of the defendant * * * or of Gene Harvey * * * was more or less than that of the other."

This instruction contained in complete and clear essence the same direction as the one which was requested and refused by the court. It clearly extended and defined the meaning of the term "proximate cause" so

that it included concurring causes as requested by the plaintiff in his proposed instruction.

If it be assumed that the plaintiff was entitled to instruction which departed from and enlarged the meaning of the term "proximate cause" as used in the petition of the plaintiff, it must be said that the departure was accomplished fully and fairly by instructions Nos. 4, 6, and 8. To have instructed on concurring negligence in the light of the pleaded cause of action in any other substance would have been erroneous. These assignments of error are therefore without merit.

For the reasons herein set forth the judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.