REBECCA DAU MCLAUGHLIN, APPELLANT, V.
LESLIE C. HELLBUSCH, M.D., APPELLEE.
557 N.W.2d 657

Filed January 3, 1997.   No. S-95-177.

Timothy K. Kelso, of Harris, Feldman, Stumpf Law Offices, for appellant.

William M. Lamson, Jr., and David J. Schmitt, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and LIKES, D.J.

CAPORALE, J.

## I. STATEMENT OF CASE

In this medical malpractice action, the district court, pursuant to verdict, entered judgment in favor of the defendant-appellee,

Leslie C. Hellbusch, M.D. The plaintiff-appellant, Rebecca Dau McLaughlin, responded by challenging the judgment in the Nebraska Court of Appeals which, in a memorandum opinion filed July 3, 1996, reversed the district court's judgment and remanded the cause for a new trial. Hellbusch then successfully petitioned for further review by this court, asserting, in summary, that the Court of Appeals wrongly ruled that the district court (1) erred in its instructions to the jury and (2) lacked jurisdiction to award him costs. We now affirm the judgment of the Court of Appeals.

## II. BACKGROUND

When McLaughlin did not recover properly from the last of two surgeries performed following two separate knee injuries she sustained a few months apart in her early teens, her then physician, a specialist in sports medicine, referred her to a neurologist, who in turn referred her to Hellbusch, a specialist in neurosurgery. Hellbusch treated McLaughlin from February 15 through August 11, 1988. Upon the initial February 15 consultation, Hellbusch discovered a cyst on McLaughlin's spine and performed surgery, during which he removed some of McLaughlin's backbone in order to drain the cyst. After the cyst recurred a few months later, Hellbusch again performed surgery to remove some of McLaughlin's backbone and the cyst.

McLaughlin, who had a normal spine prior to the surgeries, subsequently developed a progressive kyphosis (an abnormally increased convexity in the curvature of the thoracic spine), a known postsurgical risk in children undergoing the type of surgery Hellbusch performed on McLaughlin. McLaughlin has since undergone corrective surgeries, which have improved but not eliminated the condition.

The evidence as to what McLaughlin and her mother were told about the risks attendant to the Hellbusch surgeries is in conflict, as is the evidence concerning the followup care given and recommended by Hellbusch and other physicians consulted by McLaughlin after the back surgeries. Also in conflict is the extent to which McLaughlin and her mother acted upon the followup care recommended by Hellbusch and other physicians

and whether earlier corrective surgery would have produced a better result.

McLaughlin testified that because of the pain resulting from her condition, she cannot engage in heavy lifting, has resigned from employment as a nurse's aide, and has decided not to continue with her planned course of study in physical therapy. McLaughlin also testified that her condition interferes with her current employment as a hotel employee.

## III. ANALYSIS

With that background, we turn our attention to the errors Hellbusch assigns to the Court of Appeals, supplying such additional facts as the analyses of those claims require.

### 1. JURY INSTRUCTIONS

Hellbusch first claims the Court of Appeals incorrectly ruled that the district court erred in failing to instruct the jury, as requested by McLaughlin, concerning the law of concurrent causes and the loss of future earning capacity. Our review of these claims is controlled by the rule that in reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error necessitating reversal. *Sedlak Aerial Spray v. Miller, ante* p. 45, 555 N.W.2d 32 (1996).

### (a) Concurrent Causes

As a general matter, a litigant is entitled to have the jury instructed only upon those theories of the case which are presented by the pleadings and which are supported by competent evidence. *Farmers & Merchants Bank v. Grams*, 250 Neb. 191, 548 N.W.2d 764 (1996); *Burns v. Metz*, 245 Neb. 428, 513 N.W.2d 505 (1994). Here, McLaughlin alleged that Hellbusch's negligence, including his alleged failure to provide appropriate followup care, "was a substantial factor and/or proximate cause" of her injuries and damages; Hellbusch denied the allegation. Thus, neither party specifically alleged that McLaughlin's injuries and resulting damages were caused by the negligence of a third person.

Nonetheless, McLaughlin asserts that, as she requested, she was entitled to a concurrent causes instruction, because there is evidence that her mother knew of her need for followup x rays, asked Hellbusch if McLaughlin could receive such care from her original physician, and then failed to take McLaughlin to that physician. The evidence also suggests that a physician told McLaughlin and her mother that the original physician should continue followup care. In addition, there is evidence that this physician failed to diagnose McLaughlin's condition.

A concurrent causes instruction advises a jury that where the independent negligent acts or omissions of more than one person combine to proximately cause the same injury or damages, each such act or omission is a proximate cause, and each such person may be held responsible for the entire injury or omission, even though some may have been more negligent than others.

In *Barry v. Moore*, 172 Neb. 57, 108 N.W.2d 401 (1961), Barry, a passenger in an automobile operated by Gitt, pled that Moore's negligence caused a collision between the Gitt and Moore vehicles, and as a result, Barry was injured. Moore pled that he was not negligent and that the collision was caused by Gitt's negligence. Neither party requested an instruction on concurrent causes. We held that " '[t]he trial court has the duty to instruct the jury on issues presented by the pleadings and evidence, whether requested to do so or not, and a failure so to do constitutes prejudicial error,' " *id.* at 64, 108 N.W.2d at 405, and concluded that the trial court should have given the concurrent negligence instruction. In that regard, we wrote:

> [Barry's] claim was based on the broad ground of negligence for which [Moore] was required to respond in damages. If he was guilty of negligence which solely, or in concurrence with Gitt, or which proximately contributed to the accident, [Barry] being in nowise responsible for it, [Barry] was entitled to a recovery of her damages, if any, from him. The jury was entitled to be so informed, and a failure so to do by the court was prejudicial error.

*Id.*

However, we seem to have confused the issue in *Hopwood v. Voss*, 174 Neb. 304, 117 N.W.2d 778 (1962). Therein, the plain-

tiff argued that the district court erred in failing to give a sufficient concurring causes instruction. The court had instructed that the burden was on the plaintiff to prove that the defendant was guilty of one or more of the acts of negligence alleged by the plaintiff, that such negligence was " 'the proximate cause' " of the plaintiff's injuries, *id.* at 310, 117 N.W.2d at 782, and that if any of the plaintiff's damages were not " 'caused proximately' " by the negligence of the defendant, *id.* at 310, 117 N.W.2d at 783, the plaintiff would not be entitled to recover. The plaintiff argued that the district court should have instructed that if the negligence of the defendant, combined with the negligence of a third party, caused the plaintiff's injury, the jury should find for the plaintiff. We disagreed, holding, in sum, that the plaintiff's pleading did not entitle her to the concurrent causes instruction, but if the defendant's answer alleging that a third party caused the accident and injury entitled the plaintiff to the concurrent causes instruction, the plaintiff was not prejudiced, as the district court had separately instructed on concurrent causes.

But in *Weiseth v. Karlen*, 206 Neb. 724, 295 N.W.2d 103 (1980), we clearly reverted to the principle announced in *Barry*. In *Weiseth*, Karlen alleged that Weiseth's negligence in failing to supervise the feeding of liquid protein to Karlen's cattle resulted in the death of two of Karlen's cows and in 194 calves being aborted or born dead. There was evidence from which the jury could have concluded that a third party, who had the obligation to provide an adequate supply of water to the cattle, was negligent. Karlen argued that the district court erred in instructing on concurrent causes. We disagreed, holding that the district court was correct in submitting the issue to the jury, and adopted the comment to NJI 3.42 that the jury must be instructed upon the rights and liabilities of the parties under the theory of concurrent negligence if the evidence warrants, even though the issue is not pled and no instruction is requested.

Thus, to the extent that *Hopwood, supra,* may be read to be inconsistent with *Weiseth, supra,* it is hereby specifically overruled.

It is true that McLaughlin's requested concurrent causes instruction did not correctly state the law and that to establish

reversible error from a court's failure to give a requested instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the tendered instruction. See, *State on behalf of Joseph F. v. Rial, ante* p. 1, 554 N.W.2d 769 (1996); *Reavis v. Slominski,* 250 Neb. 711, 551 N.W.2d 528 (1996); *Farmers & Merchants Bank v. Grams,* 250 Neb. 191, 548 N.W.2d 764 (1996). However, it is also true that the trial court, whether requested or not, has a duty to instruct the jury on issues presented by the pleadings and the evidence. *Long v. Hacker,* 246 Neb. 547, 520 N.W.2d 195 (1994); *McDermott v. Platte Cty. Ag. Socy.,* 245 Neb. 698, 515 N.W.2d 121 (1994); *Wilson v. Misko,* 244 Neb. 526, 508 N.W.2d 238 (1993).

Under the evidence, the erroneous failure of the district court to inform the jury as to how to treat the separate independent negligent acts of more than one person which combined to proximately cause the same injury, if the jury found such to have been the case, violated the district court's duty and prejudiced McLaughlin.

### (b) Loss of Future Earning Capacity

Next, Hellbusch argues that the Court of Appeals incorrectly ruled that the district court erred, although not prejudicially, as the jury did not reach the issue of damages, in failing to submit McLaughlin's detailed proposed jury instruction concerning her loss of future earning capacity. He is correct, because the district court adequately instructed on the matter by advising that if the jury returned a verdict for McLaughlin, then it must decide how much money would fairly compensate her, including, if it should find that such had been proximately caused by Hellbusch's negligence, "[t]he reasonable value of the earning capacity [McLaughlin] is reasonably certain to lose in the future."

It is not error to refuse to give a requested instruction if the substance of the request is included in the instructions given. *Melcher v. Bank of Madison,* 248 Neb. 793, 539 N.W.2d 837 (1995); *Scharmann v. Dayton Hudson Corp.,* 247 Neb. 304, 526

N.W.2d 436 (1995); *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993).

## 2. AWARDING OF COSTS

Lastly, Hellbusch contends the Court of Appeals erred in suggesting that once McLaughlin perfected her appeal, the district court lost jurisdiction to rule on Hellbusch's pending motion for the taxation of costs. This presents a question of law, in connection with which a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Sherrod v. State, ante* p. 355, 557 N.W.2d 634 (1997).

Hellbusch filed a motion for taxation of costs prior to McLaughlin's filing of her notice of appeal. After McLaughlin perfected her appeal, the district court awarded Hellbusch costs against McLaughlin.

As a general matter, after an appeal has been perfected, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995). We held therein that the trial court lacked jurisdiction to enter an order for an attorney fee after the opposing party had perfected its appeal. We apprehend no reason for a different rule with respect to a judicial determination and allowance of costs, and thus hold that after an appeal has been perfected, a trial court lacks jurisdiction to enter an order for costs.

## IV. JUDGMENT

As first noted in part I above, the judgment of the Court of Appeals is affirmed.

AFFIRMED.