Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/03/2023 09:05 AM CST

- 658 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

McGill Restoration, Inc., a Nebraska corporation,
appellee, v. Lion Place Condominium Association,
an unincorporated association, appellee,
and Michael L. Henery, interested
party, appellant.

___ N.W.2d ___

Filed March 3, 2023.    Nos. S-21-934, S-22-137.

1. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
2. **Statutes.** Statutory interpretation presents a question of law.
3. **Jurisdiction: Appeal and Error.** As a general matter, after an appeal has been perfected, the trial court is without jurisdiction to hear a case involving the same matter between the same parties.
4. **Judgments: Jurisdiction.** A court action taken without subject matter jurisdiction is void.
5. **Judgments: Final Orders: Jurisdiction: Appeal and Error.** A void order is a nullity which cannot constitute a judgment or final order that confers jurisdiction on an appellate court.
6. **Judgments: Jurisdiction: Appeal and Error.** An appellate court has the power to determine it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

Appeals from the District Court for Douglas County: Peter C. Bataillon, Judge. Judgment in No. S-21-934 reversed and remanded with directions. Judgment in No. S-22-137 vacated and dismissed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

- 659 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

Cody B. Nickel and Brian J. Koenig, of Koley Jessen, P.C., L.L.O., for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Marroquin, District Judge.

Papik, J.

Several years ago, McGill Restoration, Inc. (McGill), obtained a breach of contract judgment against Lion Place Condominium Association (the Association). In an effort to collect on that judgment, McGill and its successor-in-interest sought and obtained two writs of execution, both of which directed the county sheriff to levy execution against a condominium unit owned by one of the Association's members, Michael L. Henery. The district court overruled motions to quash those writs filed by Henery, and he filed two appeals, both of which we address in this consolidated opinion. In Henery's first appeal, we conclude that the district court should have sustained his motion to quash and therefore reverse the order overruling his motion to quash and remand the cause with directions to sustain the motion to quash. Additionally, we find that Henery's first appeal divested the district court of jurisdiction over subsequent proceedings. Accordingly, we vacate the second writ of execution and dismiss his second appeal.

BACKGROUND

*The Judgment.*

In 2009, the Association hired McGill to perform repair work on a condominium building, the individual units of which were owned by members of the Association. After McGill completed its work, a dispute arose between the parties. The Association was not satisfied with McGill's work, while McGill claimed that the Association failed to pay McGill all that it was owed. The parties resorted to litigation, with McGill suing the Association and the Association asserting counterclaims against McGill. Following a bench trial, the

- 660 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

district court ruled for McGill and dismissed the Association's counterclaims. The district court entered judgment in favor of McGill in the amount of $25,000 plus prejudgment interest. We affirmed that judgment on appeal. See *McGill Restoration v. Lion Place Condo. Assn.*, 309 Neb. 202, 959 N.W.2d 251 (2021). The appeals we take up in this opinion concern McGill's efforts to collect on that judgment.

*First Writ of Execution.*

The judgment collection efforts at issue began with a praecipe for a writ of execution McGill filed in August 2021. The praecipe sought a writ directing the county sheriff to levy execution upon "Unit 201" of the Association pursuant to Neb. Rev. Stat. § 76-875(a) (Reissue 2018), which provides that "a judgment for money against [a condominium] association . . . is a lien in favor of the judgment lienholder against all of the units in the condominium." The writ of execution issued.

Henery filed a motion to quash the writ of execution. In his motion, Henery contended that the writ of execution should be quashed for several reasons. Among his arguments was a contention that McGill could not levy execution against Unit 201, because the judgment was entered against the Association, but he owned the unit. He acknowledged that under § 76-875(a), McGill had a lien against each of the units of the Association, but he asserted that if McGill wished to enforce that lien, it needed to initiate foreclosure proceedings rather than pursue execution. At a hearing on the motion to quash, Henery offered an affidavit in which he asserted that he owned Unit 201.

The district court overruled McGill's motion to quash. In November 2021, Henery timely appealed the overruling of his motion to quash, and that appeal was docketed as case No. S-21-934.

*Second Writ of Execution.*

In December 2021, McGill filed another praecipe for a writ of execution. In that praecipe, McGill sought a writ

- 661 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

of execution directing the county sheriff to levy execution against not just Unit 201, but also several other condominium units owned by members of the Association. The praecipe again sought the writ of execution pursuant to § 76-875(a).

After the issuance of the writ of execution, McGill assigned its right to the judgment against the Association to another entity. For ease of discussion, however, we will refer to McGill and its successor-in-interest collectively as McGill.

Henery again moved to quash the writ of execution, and the district court again overruled his motion. Henery appealed the overruling of his motion to quash, and that appeal was docketed as case No. S-22-137.

## ASSIGNMENTS OF ERROR

Henery assigns and argues that, for a number of reasons, the district court erred by overruling his motions to quash. To resolve these appeals, we need mention only one of those assignments of error, which we rephrase slightly: that the district court erred by failing to quash a writ of execution ordering the sheriff to levy execution against property not owned by the judgment debtor.

## STANDARD OF REVIEW

[1] An appellate court independently reviews questions of law decided by a lower court. *Lassalle v. State*, 307 Neb. 221, 948 N.W.2d 725 (2020).

[2] Statutory interpretation presents a question of law. *State v. Godek*, 312 Neb. 1004, 981 N.W.2d 810 (2022).

## ANALYSIS

*Henery's First Appeal.*

We begin our analysis with Henery's first appeal, which challenges the district court's overruling of his first motion to quash. We have appellate jurisdiction of that order, because it is an order that affects a substantial right made on summary application in an action after a judgment is rendered. See

- 662 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

*Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). See, also, Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022).

As for the merits of this appeal, Henery argues, as noted above, that his motion to quash should have been granted because the writ of execution at issue authorized the county sheriff to levy execution on Unit 201. Henery contends that execution can be levied only on property that the judgment debtor owns, that he owns Unit 201, and that he is not the judgment debtor.

We agree with Henery that, with the exception of a circumstance not present here, Nebraska law does not authorize a court to order a sheriff to levy a writ of execution on property in which the judgment debtor does not hold an interest. As we will explain, this principle is established in both the statutes governing execution and our precedent.

Beginning with the execution statutes, Neb. Rev. Stat. § 25-1502 (Reissue 2016) provides, "Executions are of two kinds: (1) Against the property of the judgment debtor, and (2) for delivery of the possession of real property with damages for withholding the same and costs." No mention is made of execution against property owned by persons other than the judgment debtor.

In addition, Neb. Rev. Stat. § 25-1516(1) (Reissue 2016) discusses writs of execution and provides that a judgment creditor can obtain a writ of execution to levy on only the judgment debtor's personal or real property interests:

> The writ of execution against *the property of the debtor* issuing from any court of record of this state shall command the officer to whom it is directed that *of the goods and chattels of the debtor* he or she cause to be made the money specified in the writ, and for want of goods and chattels he or she cause the same to be made *of the lands and tenements of the debtor*.

(Emphasis supplied.)

- 663 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

Consistent with § 25-1516(1), Neb. Rev. Stat. § 25-1518 (Reissue 2016) directs an officer receiving a writ of execution to execute against either the judgment debtor's personal property or, failing that, the judgment debtor's available real property:

> The officer to whom a writ of execution is delivered shall proceed immediately to levy the same upon the goods and chattels of the debtor; but if no goods and chattels can be found, the officer shall endorse on the writ of execution no goods, and forthwith levy the writ of execution *upon the lands and tenements of the debtor*, which may be liable to satisfy the judgment.

(Emphasis supplied.)

We relied on these statutes in *Fox v. Whitbeck,* 286 Neb. 134, 835 N.W.2d 638 (2013), to hold that generally, a court lacks the authority to order the sheriff to levy execution on property in which the judgment debtor does not hold an interest. In that case, a father failed to pay court-ordered child support and therefore a statutory lien attached to the father's real property. The mother then sought an execution sale of property the father had previously owned but that had since been transferred to a third party. The third party unsuccessfully objected to confirmation of the execution sale. On appeal, however, we explained that while the mother was correct that a statutory lien attached to the father's property and that the third-party purchaser took the property subject to that lien, execution was available only if the mother showed that the father "still had an interest in the property or that he had fraudulently transferred it." *Id.* at 140, 835 N.W.2d at 643. Because the father no longer had an interest in the property and there was no allegation of a fraudulent transfer, we reversed the district court's order and remanded the cause with directions to vacate its order confirming the execution sale.

McGill makes no argument in this case that judgment was entered against Henery personally or that the Association holds an interest in Unit 201. Neither is there any suggestion

- 664 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

of a fraudulent transfer. Instead, McGill's argument that the district court could order an execution sale of Unit 201 notwithstanding Henery's ownership thereof is premised entirely on § 76-875(a). Relevant here, that statute provides that a judgment for money against a condominium association "is not a lien on the common elements, but is a lien in favor of the judgment lienholder against all of the units in the condominium at the time the judgment was entered." § 76-875(a). This language, McGill contends, extends a judgment lien against a condominium association so that it applies to each of the individual units of the association, and thus the statute allows a judgment creditor to properly execute on those individual units.

McGill's argument requires that we interpret § 76-875(a). In doing so, our focus is, as always, identifying the plain and ordinary meaning of the statutory language, understood in context, and then giving effect to that meaning. See *In re Guardianship of Eliza W.*, 304 Neb. 995, 938 N.W.2d 307 (2020).

We do not read the text of § 76-875(a) to provide that a party who obtains a judgment for money against a condominium association is entitled to execute against any of the units in the condominium. There is no language in that statute providing that execution may be levied against individual units nor is there language providing that the owners of individual units are to be treated as the judgment debtor for execution purposes. While § 76-875(a) certainly provides that a judgment against a condominium association will result in a lien against each of its units, our decision in *Fox, supra*, makes clear that the fact that a statutory lien attaches to property does not mean that the judgment creditor is entitled to execute against that property.

Because we understand § 76-875(a) to result in nothing beyond a lien against the individual units and the Association held no interest in Unit 201, it follows that McGill was not entitled to execute against Unit 201. As we have discussed, the execution statutes permit a court to order a sheriff to levy a

- 665 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

writ of execution on property only if the judgment debtor has an interest in the property or fraudulently transferred it. We could find that McGill was entitled to execute against the unit owned by Henery only by reading additional meaning into the execution statutes or § 76-875(a). That is not, however, how we interpret statutes. See, e.g., *Parks v. Hy-Vee*, 307 Neb. 927, 951 N.W.2d 504 (2020).

Because we find that the district court was not authorized to order execution on Unit 201 as McGill requested, we reverse the order overruling the motion to quash and remand the cause with directions for the district court to sustain the motion to quash.

*Henery's Second Appeal.*

Henery's second appeal challenges the district court's overruling of his motion to quash the writ of execution McGill requested in December 2021. Because this writ of execution was requested after Henery filed his first appeal in November 2021, it presents a jurisdictional issue that we must confront before considering the merits of Henery's appeal. See *Keef v. State*, 262 Neb. 622, 626, 634 N.W.2d 751, 756 (2001) ("[b]efore reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it").

[3] As a general matter, after an appeal has been perfected, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. *McLaughlin v. Hellbusch*, 251 Neb. 389, 557 N.W.2d 657 (1997). Here, Henery perfected his appeal of the district court's order overruling his first motion to quash in November 2021. We must therefore determine if the district court was divested of subject matter jurisdiction during the pendency of that appeal.

While the filing of an appeal generally divests a lower court of subject matter jurisdiction during the pendency of an appeal, an appeal will not always preclude a court from enforcing a judgment. When a party has obtained a judgment and

- 666 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

a supersedeas bond has not been filed, the court retains jurisdiction to enforce the terms of the judgment even if an appeal has been filed. See, e.g., *Kula v. Kula*, 180 Neb. 893, 146 N.W.2d 384 (1966); *Kricsfeld v. Kricsfeld*, 8 Neb. App. 1, 588 N.W.2d 210 (1999).

In this case, however, McGill did not ask the district court to enforce the terms of a nonsuperseded judgment while the merits of that judgment were being challenged on appeal. Instead, McGill sought and obtained the issuance of a writ of execution that ordered the sheriff to levy execution against Unit 201 while an appeal was pending in which Henery sought to challenge the district court's earlier overruling of a motion to quash a writ of execution that did the same. The proceedings following Henery's first appeal thus fall within the general rule that during the pendency of an appeal, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. The district court lacked subject matter jurisdiction of all proceedings concerning the writ of execution McGill requested in December 2021.

[4,5] Because the district court lacked jurisdiction of proceedings concerning the writ of execution requested in December 2021, it follows that we too lack jurisdiction of Henery's second appeal. A court action taken without subject matter jurisdiction is void. *In re Interest of Trey H.*, 281 Neb. 760, 798 N.W.2d 607 (2011). And a void order is a nullity which cannot constitute a judgment or final order that confers jurisdiction on an appellate court. *Id.*

[6] While we lack jurisdiction to address the merits of a void order, that does not mean we must allow void orders to stand. An appellate court has the power to determine it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions. *Id.* Because all proceedings concerning the writ of execution McGill requested in December 2021 were void, we vacate

- 667 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
McGILL RESTORATION v. LION PLACE CONDO. ASSN.
Cite as 313 Neb. 658

that writ of execution and dismiss Henery's second appeal for lack of jurisdiction.

## CONCLUSION

The district court lacked authority to order the sheriff to levy execution on Unit 201. Accordingly, we reverse the district court's order overruling Henery's motion to quash in case No. S-21-934 and remand the cause with directions to sustain Henery's motion to quash. We find that the district court lacked jurisdiction over proceedings concerning the writ of execution requested in December 2021 and therefore vacate that writ of execution and dismiss the appeal in case No. S-22-137.

JUDGMENT IN NO. S-21-934 REVERSED
AND REMANDED WITH DIRECTIONS.
JUDGMENT IN NO. S-22-137 VACATED
AND DISMISSED.

MILLER-LERMAN, J., not participating.