LYDIA E. HINTON, ADMINISTRATRIX, APPELLEE, V. ATCHISON & NEBRASKA RAILROAD COMPANY ET AL., APPELLANTS.

FILED MARCH 20, 1909. No. 15,405.

1. Appeal: CHANGE OF VENUE: REVIEW. Unless an abuse of discretion is shown, this court will not disturb the ruling of the lower court upon a motion for a change of venue.

2. ———: CHALLENGE OF JUROR: REVIEW. Error will not be attributed to the trial court in overruling the challenge of a juror for cause unless an abuse of discretion is shown.

3. Waters: OBSTRUCTIONS: ACTION FOR DAMAGES: EVIDENCE. In an action to recover damages for the negligent damming back of flood waters, evidence is admissible tending to show that the floods were not unprecedented, and that former excessive rainfalls did not deluge the land in controversy except when the waters were interfered with by an embankment similar to that complained of.

4. ———: ———: ———: ———. Evidence that in another part of the valley in which plaintiff's property was destroyed, but at a place where no embankment interfered, property similar to plaintiff's was destroyed by flood waters was properly excluded, in the absence of evidence or an offer to prove that the rainfall was substantially equal in both places and other natural influences were the same.

5. Trial: INSTRUCTIONS. An instruction which assumes to determine the issues of the case is held not to be erroneous because it excluded certain defenses which were not supported by the evidence, or which have been covered by other instructions given.

6. **Waters: RAILROAD EMBANKMENT: NEGLIGENCE: EVIDENCE.** In the construction of an embankment or roadbed across the valley of a watercourse, a railway company is required to build sufficient bridges or culverts to permit the passage of such flood waters as might reasonably be expected, and proof of its failure in this regard is proof of negligence in the construction of the roadbed of which an upper landowner may complain.

APPEAL from the district court for Richardson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*J. E. Kelby, Byron Clark* and *Frank E. Bishop,* for appellants.

*Reavis & Reavis, contra.*

EPPERSON, C.

The plaintiff, as administratrix, sues to recover for damages to her decedent's crops, icehouses and ice in the years 1902 and 1903, alleged to have been caused by the illegal act of the defendants in the construction of their roadbed or embankment across the valley of the Nemaha river, whereby flood waters were held back upon the premises in controversy.

The defendants filed a motion for a change of venue, alleging that a fair and impartial trial could not be had in Richardson county because of the prejudice of the citizens, and a desire to have defendants defeated in damage suits that they might be induced thereby to assist in forming drainage districts. This motion was supported by the affidavits of the defendants' attorneys, who stated substantially that all the citizens of said county are more or less interested either through ownership of land or that of their friends and relatives, and that their social, geographical and political associations and interests all combined against the railroad companies in said county; that affiants have often heard and have become familiar with the prevalent argument of the people advanced for the purpose of inducing the railroad com-

panies to consent to be included in the drainage districts, and it has been constantly urged that the company would thereby escape the numerous actions at law for the recovery of damages on account of flood waters; that, in furtherance of said purpose, the people of the county seem to be interested in having large verdicts for damage in the trial of causes against the railroad companies. Counter·affidavits were filed, in substance, that affiants believed defendants could receive a fair and impartial trial, and that the question of establishing drainage districts did not affect the defendant's chance for a fair trial. We do not believe that the trial court abused his discretion in overruling the defendants' motion. The statement that all the people of the county were prejudiced was probably the conclusion of affiants. In a general statement as broad as this the sources of information should be stated, showing that the conclusion is well founded.

The defendants challenged three jurors for cause, two of whom, as shown by their *voir dire,* knew nothing about the premises in controversy, nor the cause of the damages done to the property, but who testified substantially that they had an opinion that an embankment placed across the valley would operate to stop the usual course of flood waters. The statements of another juror, Mr. Sullivan, were somewhat contradictory. He knew the premises in controversy and knew the location of the railroad embankment. He was asked if he had any opinion concerning defendants' liability, or whether they in any way caused the damage, to which he answered: "I have no information whether they caused it or not. I have an opinion that way. Q. You have an opinion on whether they caused it or not? A. Yes, sir. Q. And whether they are liable for it or not will depend on what the court told you the law is? A. Certainly." He said, moreover, that his opinion would not affect his judgment in weighing the evidence in the case. It has been decided that the retention or rejection of a juror is a matter of discretion

for the trial court. *Omaha S. R. Co. v. Beeson,* 36 Neb.
361; *Foley v. State,* 42 Neb. 233; *State v. Bartley,* 56
Neb. 810. The *voir dire* examination of this juror does
not clearly indicate that he was incompetent, and we can-
not say that the trial court abused his discretion.

The plaintiff's decedent's land was on the north bank
of the Nemaha river. Below this the defendants' grade
or embankment of earth runs through the valley, crossing
the river at a point about 2½ miles east over a bridge 61
feet long. West of the bridge there is a culvert of 18 feet,
and there are smaller openings of only a few feet. In
each of the years in controversy there were heavy rains,
and water stood upon the premises in controversy, de-
stroying certain crops, icehouses and ice belonging to the
plaintiff's decedent. Plaintiff recovered a judgment in
the district court, from which the defendants have ap-
pealed.

Plaintiff's principal witness was permitted to testify,
over objection, of former floods and the effect they had
upon the land in controversy, and the influence upon
flood waters and upon the land of the Missouri Pacific
Railway embankment which formerly traversed the
valley, and which was similar to the defendants' embank-
ment. This evidence we consider proper. Its tendency
was to show that the high waters in the years in contro-
versy were not unprecedented, and, moreover, showed
that former rainfalls did not deluge the land in contro-
versy except at times when there was an embankment
across the valley similar to that now maintained by the
defendants. This witness was also permitted to state that
a certain public roadway and dike had no tendency to
cause the flood waters to stand upon the plaintiff's land.
This may have been the conclusion of the witness, and,
technically, was incompetent. We are unable, however,
to see wherein it was prejudicial. The same may be said
of other evidence wherein the witness gave his estimate as
to the height of the defendants' embankment. This was
not prejudicial, as his guess did not differ materially from

the testimony of one of defendants' witnesses given with apparent accuracy.

A witness called by the defendant was not permitted to testify that up the valley of the Nemaha, along the south fork wherein no railway had been constructed, the flood waters of 1902 and 1903 destroyed property similar to plaintiff's. We believe that such evidence would have been competent, and would probably have been admitted by the trial court had a sufficient foundation therefor been laid, by showing that the rainfall up the valley was substantially equal to the rainfall upon or affecting the plaintiff's land and that the natural influences were the same. For aught that appears in the record, the plaintiff's property might have been immune from the ravages of the flood, but for defendants' embankment, while that of the witness would have been destroyed.

The court, at plaintiff's request, gave a certain instruction objected to by the defendants. In effect this instruction told the jury that if they believed from the evidence that the flood waters of the river were obstructed by the defendants' embankment, and thereby backed upon the lands of the plaintiff and held there for a longer period than they otherwise would have been held, and plaintiff's decedent suffered damages because thereof, then the verdict should be for the plaintiff for such damage as they may believe from the evidence she has suffered, not exceeding the amount claimed in the petition. Complaint is made that by this instruction the court assumed to determine all the issues of the case, but that certain material issues were omitted. It is argued that there was error in omitting to present one defense pleaded by the defendants, that the rains which produced the flood waters were so unprecedented as to amount to an act of God. The only evidence in the record which tends to support this defense is the testimony of one of plaintiff's witnesses, who testified that the water was higher in 1903 than in any previous year since 1883. The other evidence regarding excessive rainfall indicates that the damages might

have been caused by the rain had not defendants' embankment been constructed. But this feature of the case was properly submitted to the jury by instructions which defendants requested.

Defendants also argue that the court should have submitted to the jury the question of defendants' negligence or right to construct and maintain the grade as it did. We find it somewhat difficult to comprehend defendants' reason in presenting this argument. That question was the very one to be determined by the jury, it is true; but the ascertainment of the defendants' right to maintain the grade as it was must be arrived at by a consideration of the evidence and by certain rules which govern. The law required the defendants in the construction of their railway embankment to build bridges or culverts sufficient to permit the passage of such flood waters as might reasonably be expected, and proof of their failure in this respect is proof of the negligent construction of their embankment so far as it affects the rights of upper land-owners.

Complaint is further made that the instructions failed to submit the questions of the statute of limitations, of estoppel, the rule regarding the measure of damages, and that it failed to give the essential doctrine of proximate cause. We will not discuss these questions in detail. They were either sufficiently covered by other instructions given by the court or the defendants' theory relative thereto had no support in the evidence. It is very apparent that the damages here in controversy were either caused alone by the flood waters or by the combined influence of the flood waters and the defendants' embankment. These questions were submitted to the jury.

This case is rendered unusually difficult by the admission of scientific evidence reflected in part by an exhibit in the form of a blue print, in which it is represented that the plaintiff's land is at a greater elevation than the defendants' embankment, thereby making it appear impossible for the grade to hold the water back upon the land.

We have endeavored to reconcile this evidence with the verdict, but, not being able to overrule or modify the laws of nature, we have reached the conclusion that the jury considered that the scientist who prepared the map, but who did not testify, was probably mistaken in marking the elevations, numerous witnesses having testified that the water did in fact stand three feet in depth upon the plaintiff's land.

We find no reversible error, and recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

ROOT, J., not sitting.