NEBRASKA MUTUAL INSURANCE COMPANY, APPELLANT, V. LOUIS C. BORDEN, APPELLEE.

272 N. W. 767

FILED APRIL 23, 1937. No. 29811.

*Tunison & Joyner*, for appellant.

*A. E. Henry, contra.*

Heard before GOSS, C. J., ROSE, GOOD, PAINE and CARTER, JJ., and RYAN and KROGER, District Judges.

RYAN, District Judge.

The Nebraska Mutual Insurance Company, an assessment insurance company organized under the laws of the state of Nebraska, brought this action against Louis C. Borden, a member, to collect assessments for the purpose of paying losses it had sustained. The petition alleged in substance that the plaintiff company was incorporated in the year 1892, and continually since that time had been in the business of insuring its members against loss from fire, tornado and windstorm; and that the defendant became a member by making an application in writing. Pursuant to the application, a policy of insurance was issued to him, and during the time of his membership assessments were made for the years 1931 to 1933, inclusive, aggregating $43.75; that assessments represent the defendant's proportionate share of the losses and expense of the company; that he had failed, neglected and refused to pay the same. The answer of the defendant was a general denial. A jury was waived and trial was had to the court. The court entered judgment in favor of the defendant and dismissed the plaintiff's petition with costs. Motion for a new trial was filed and overruled. Plaintiff appeals to this court.

The appellee has not filed any brief in this court, and consequently the court is not advised as to the propositions upon which he relies to sustain the judgment of the trial court.

The evidence consists solely of the deposition of W. T. Wilson, the secretary of the plaintiff company. It appears that his duties were to keep the minutes of all meetings of the directors of the company, and to keep its books, records, and perform any other duties required by the board of directors. It appears from the testimony that the defendant applied for membership and insurance in the plaintiff company on April 4, 1927, and that a policy was issued to him

in the sum of $3,450, indemnifying him against loss by fire, lightning, tornado and windstorm. This policy was reduced on January 31, 1928, to $2,650. The defendant paid his assessments up to and including the assessment levied on April 2, 1930. The assessments which are the subject of this suit were levied January 21, 1931, February 17, 1931, January 19, 1932, and January 17, 1933. It also appears in the testimony that the aggregate amount of these assessments is the sum of $38.43 instead of $43.75 as stated in the petition, there having been an error of $5.32 in the computation of one of the assessments. The sections of the statute applicable to an assessment insurance association, such as the plaintiff, are sections 44-402 and 44-901 to 44-911, Comp. St. 1929. Construing the rights of the parties in the light of these sections of the statute, we are at a loss to understand how the learned trial court arrived at the conclusion that the plaintiff should not recover in this action.

The evidence shows in detail the amount of insurance in force, the amount of losses and expenses for the years 1931, 1932 and 1933, being the years for which the plaintiff seeks to recover assessments from the defendant. Assessment No. 37, which is the regular assessment for 1931, was levied on January 21, 1931, at 40 cents a hundred on defendant's policy of $2,650. At that rate, this assessment would amount to $10.60. On February 17, 1931, a special assessment was levied at the rate of 20 cents a hundred. This special assessment, therefore, amounts to $5.30. On January 19, 1932, assessment No. 38 was levied at 40 cents a hundred, and as the same amount of insurance was in force, the defendant's assessment amounts to $10.60. On January 17, 1933, assessment No. 39 was levied at the rate of 45 cents a hundred, and as defendant's policy was $2,650 as theretofore, this assessment amounts to $11.93. The total amount due from the defendant for these three regular assessments and one special assessment is $38.43. The evidence further shows that all of the assessments concerned in this suit were made at regular and special

meetings of the board of directors of the plaintiff company, at which meetings a necessary quorum for the transaction of business was present. We have carefully scrutinized the by-laws of the plaintiff company, and find that they meet the requirements of the statutes referred to above. Notices of these assessments were regularly sent to the defendant as well as additional letters urging payment. Defendant at no time surrendered his policy for cancelation, nor did he give notice to the secretary of the plaintiff company and tender the cancelation fee of 50 cents together with the amount of his share of all claims against the company, as required by section 44-904, Comp. St. 1929, and section 15 of the by-laws of the company.

It is an elementary proposition of law that when a judgment is clearly against the weight of evidence it should be set aside. *Bentley v. Hoagland,* 94 Neb. 442, 143 N. W. 465; *Chicago, B. & Q. R. Co. v. Landauer,* 36 Neb. 642, 54 N. W. 976; *Hileman v. Maxwell,* 97 Neb. 14, 149 N. W. 44.

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings.

REVERSED.