HARRY GRIMMINGER, APPELLANT, v. WALTER M. CUMMINGS ET AL., APPELLEES.

125 N. W. 2d 613

Filed December 27, 1963.   No. 35499.

John A. Wagoner, William P. Mullen, and Vogeltanz & Grimminger, for appellant.

Gerald B. Buechler, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

From a jury verdict and judgment in the sum of $2,684.09 in a suit for attorney's fees and legal services, plaintiff appeals, asserting inadequacy of the verdict and judgment.

The evidence shows that the plaintiff was employed by the defendants in a legal capacity to assist them in a series of negotiations as to the lease or sale of a downtown business property in Grand Island, Nebraska, to the Boss Hotels Company. The negotiations lasted from February 1958 to March 1960 and resulted in a sale of the property for $125,000. The evidence is voluminous in this case, and we will review it in this opinion, since we do not determine the issues de novo, only insofar

as necessary to discuss the issue of inadequacy. Although the plaintiff kept no record of the time he spent, there is evidence to support a finding that he spent something over 200 hours all devoted to the services rendered in defendants' behalf. This service included advice about the proposed sale, a study of the tax problems involved at different stages of the negotiations, legal services in connection with a lease of the property to the Texas Company, arrangements for numerous conferences with officers or attorneys for the prospective purchaser, the Boss Hotels Company, attendance at these conferences, correspondence incidental to the negotiations, the preparation of the completed contract and an amendment to it, and the further drafting of the usual and necessary papers to consummate the transaction. Out of pocket expenses of the plaintiff were about $60. The record of this case fails to disclose any new, peculiar, or uniquely difficult legal problems as to any phase of the negotiations or the final sale. That the plaintiff fully participated in the conferences and rendered valuable legal services cannot be denied. But, there is nothing in the picture presented that would warrant a conclusion that the legal services were beyond those usually rendered by a competent attorney in the negotiation and completion of a real estate sale.

The main thrust of plaintiff's contention is that the evidence shows he was entitled to a substantial fee for services, outside of those purely legal in nature, in the sale of the property for the admittedly advantageous sale price of $125,000. There were several conferences between the parties with the plaintiff participating. Just what contribution plaintiff made to either the setting of the price of $125,000 or the maintenance of it is not clear. The evidence and the inferences that may be drawn from the oral testimony are in conflict. In any event, there is evidence in the record to sustain a finding that the sale price of $125,000 was determined and set by the defendants themselves long before the plaintiff was em-

ployed. Different conclusions could also be drawn ·from the evidence as to the plaintiff's importance in maintaining the price level of $125,000 in the various conferences that ensued. Weight and credibility of the different witnesses' testimony were vital to this determination, were solely within the province of the jury, and therefore such an argument will not support a conclusion that its verdict was clearly wrong as a matter of law. From the plaintiff's expert real estate witnesses and his own testimony, it is clear that the elements of finding a buyer, advertising and listing for sale, contacting other prospective purchasers and the expense and time risked incident thereto, and other incidental services ordinarily performed by a real estate broker are missing in this case.

Plaintiff's petition alleges a cause of action for the reasonable value of professional legal services. The jury was instructed properly as to the different elements of legal services it should consider in arriving at the amount of its verdict. No objection was or is made to these instructions or the theory upon which this case was tried. Nevertheless, the plaintiff testified that the prayer of his original petition of $6,250 was computed on the basis of "the total fee for everything I had done on the basis of what a real estate man alone would have charged, * * *."

At the time of trial, plaintiff amended the prayer of his petition by adding $2,000. He testified in this connection as follows:

"Q. Did you subsequent to this time change the amount of the prayer of your petition?

"A. I did.

"Q. What was the amount it was changed to?

"A. The amount I added was $2,000 for the purely legal work connected with the drawing of the contracts and escrow agreement and all the other things I did to close the transaction.

"Q. Does this amount or fee you just stated include

all of your services—legal services to the Cummingses? "A. All except the out-of-pocket expenses that has been testified to here."

Further, plaintiff testified he was not hired as a realtor, that no request to sell the property was made to him, that he "did not act as a real estate man," and that his services were legal in nature all the way through. The question of the value of an attorney's services is ordinarily a question of fact for the jury and the verdict will not be disturbed unless clearly wrong. Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 816, 77 N. W. 2d 667; Tidd v. Stull, 128 Neb. 506, 259 N. W. 369. Circumstances and the testimony of nonexpert witnesses may form a basis for the fact determination of reasonable values of an attorney's services. Prince v. Pathfinder Life Ins. Co., 133 Neb. 705, 276 N. W. 661. The jury verdict was for $2,684.09, about $600 above what the plaintiff testified to himself was the value of his purely legal services. The significance of the help to the clients in consummating the real estate sale was for the jury to determine, and it could reasonably be inferred that it did allow an additional sum of about $600 in its verdict even though the framed issue in the case from the petition and the unchallenged submitted instructions is solely one for professional legal services. It cannot be said that the verdict is against the weight of the evidence, or is so clearly wrong as to induce the belief that it was the result of passion, prejudice, mistake, or some other means not apparent from the record which is the ambit of the rules correctly stated by the plaintiff. Garfield v. Hodges & Baldwin, 90 Neb. 122, 132 N. W. 923; Nebraska Mutual Ins. Co. v. Borden, 132 Neb. 656, 272 N. W. 767; Bentley v. Hoagland, 94 Neb. 442, 143 N. W. 465.

Plaintiff contends the undisputed expert testimony as to value ranging from $6,500 to $10,000 establishes the inadequacy of the verdict. Expert testimony as to the value of legal services is not conclusive nor is it bind-

ing upon the trier of facts. Prince v. Pathfinder Life Ins. Co., *supra*. Such expert testimony is advisory, not prescriptive in nature, its weight and credibility are solely for the jury, the value fixed may be below the range testified to by the experts, and it is not required that there be opposing proof of an expert nature. Prince v. Pathfinder Life Ins. Co., *supra;* Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168; Lincoln Land Co. v. Phelps County, 59 Neb. 249, 80 N. W. 818. The jury was free to accept any portion or all of the expert testimony or to reject it, and a jury verdict may not be said to be inadequate as a matter of law when it appears that it did not accept the value fixed by some particular expert. There is no merit to this contention.

Error is claimed because of misconduct of counsel. No objection to the claimed misconduct was made at the time of its alleged occurrence in the trial, nor can we find from the record before us sufficient facts upon which a valid objection could be predicated.

The judgment of the district court is correct and is affirmed.

AFFIRMED.