EVERETT SATTERFIELD, APPELLANT, v. LESTER WATLAND, APPELLEE.

143 N. W. 2d 124

Filed June 3, 1966. No. 36237.

Vogeltanz & Kubitschek, for appellant.

Leo F. Clinch, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MURPHY, District Judge.

MURPHY, District Judge.

This was an action brought by the plaintiff, Everett Satterfield, against the defendant, Lester Watland, to recover for personal injuries and property damages resulting from a collision between motor vehicles owned and operated by the respective parties. A jury trial in district court resulted in a verdict and judgment for the defendant. Plaintiff appeals from the order overruling a motion for new trial. Although we held in Vacanti v. Montes, ante p. 232, 142 N. W. 2d 318, that: "In reviewing the evidence where a jury has returned a verdict for the defendant, the defendant must have the benefit of any and all reasonable inferences deducible

from the proof," it is here appropriate to point out at least the principal factual disputes between the parties, since plaintiff assigns as error the overruling by the trial court of his motion for a change of venue.

The accident occurred about 10 o'clock a.m., November 24, 1963, on U. S. Highway No. 183, approximately 18 miles northwest of Taylor, Nebraska. The road, at least 20 feet wide, had a graveled surface which at the time was slippery on account of frost which had settled. Both vehicles had traveled northwest from Taylor. The front of plaintiff's Ford Ranchero pickup collided with the rear of defendant's Chevrolet truck, when both vehicles were on the right half of the highway. After the impact, plaintiff testified he observed skid marks about 20 feet long behind his pickup and leading up to it. A highway patrolman called by plaintiff to testify stated that the distinguishable skid marks were 50 feet long and were made by plaintiff's vehicle. The highway in the vicinity is level and straight except for a slight curve several hundred yards northwest of the point of impact.

Plaintiff testified concerning the accident generally as follows: As he left Taylor he saw defendant's truck ahead of him and followed it at speeds of 40 to 50 miles per hour. After traveling about 9 miles, he approached close enough to defendant's truck to be able to identify it, within 200 yards or less. He never saw, and defendant never made, any signal of an intent to stop or turn. Shortly before the accident, when his pickup was approximately 150 yards behind defendant's truck, he observed the truck start to slow down. He slowed down also because he did not know what defendant intended to do, and then decided to pass defendant's truck. He accelerated, and when he reached a point about 40 feet behind the truck, pulled to the left to pass. His pickup was traveling 5 or 10 miles per hour faster than the truck, which was traveling 20 or 25 miles per hour. His vision was obscured somewhat by the approaching curve

and foliage. As he came even with defendant's truck he observed an oncoming car driven by Carroll Bohy some 400 yards ahead, decided he did not have sufficient time to pass, so braked his pickup and fell in approximately 25 or 30 feet behind defendant's truck. Defendant, still without signaling, almost immediately stopped his truck, and although plaintiff applied his brakes, he was unable to avoid the collision. After the impact defendant moved his truck forward a distance which plaintiff estimates was some 20 feet, but which the highway patrolman's testimony would indicate was 48 feet. Defendant, at the scene, stated he did not see plaintiff behind him.

The highway patrolman, in addition to describing measurements he made at the scene, testified that he observed that defendant's turn signals or taillights were broken out, and that defendant stated he was going to stop and talk to Carroll Bohy.

Carroll Bohy, called as a witness on behalf of plaintiff, testified that he was driving toward Taylor on U. S. Highway No. 183, that he observed defendant's oncoming truck, that he did not observe plaintiff's pickup until he was almost to the truck, and that when he did observe the pickup it was six or seven car lengths behind the truck. He did not see the accident, but he did stop some 200 feet beyond it and returned to the scene where he observed the vehicles 50 or 60 feet apart.

Defendant testified that he was driving his truck north from Taylor on U. S. Highway No. 183 at a speed of 40 or 50 miles per hour. He observed the oncoming car of Carroll Bohy and started to slow down by applying his brakes. When he had slowed to approximately 25 miles per hour he heard a noise, from which he concluded something had happened. He continued slowing and stopped. He only stopped once. His taillights, which are activated by applying his brakes, were in good working order before the accident and were broken as a result of the accident. Afterwards he replaced them

and they worked. Defendant did not testify, and was not asked, as to whether or not he ever observed plaintiff's pickup prior to the accident.

Plaintiff separately states six assignments of error, which may, however, be summarized as follows: (1) The court erred in overruling plaintiff's motion for change of venue; (2) the verdict of the jury appears to have been given under the influence of passion and prejudice, was clearly against the weight and reasonableness of the evidence, and was clearly contrary to the law; and (3) the court erred in giving the first half of instruction No. 6 and in giving instruction No. 11.

Plaintiff's motion for a change of venue alleged that "most of" the 600 potential jurors in Loup County, Nebraska, would be partial and biased against him as the result of a suit brought by him against the members of the county board of commissioners in 1955, and because of his extensive holdings. The motion was supported by plaintiff's affidavit that he had unsuccessfully tried to obtain a number of witnesses to testify concerning the issues, but they refused to testify or sign an affidavit because of prejudice or fear of offending county officials, and that he would be unable to obtain a fair and impartial jury trial because of animosity toward him. The motion was also supported by identical affidavits of four other individuals who stated that they were acquainted with plaintiff, that they knew there were about 600 voters in the county, and that they believed, because plaintiff had filed tax actions and road actions in which the county board of supervisors was involved, "that it would be impossible because of strong feeling of animosity against the said Everett Satterfield, for him to have a fair and impartial trial before a jury in the above case." Defendant filed a written objection to the motion. The matter was heard, apparently on the motion, objection, and affidavits, and the motion denied.

"Unless an abuse of discretion is shown, this court will not disturb the ruling of the trial court upon a

motion for a change of venue." Heiden v. Loup River Public Power Dist., 139 Neb. 754, 298 N. W. 736.

The record here does not reflect the proceedings with regard to the selection of the jury. Particularly, it shows nothing concerning the voir dire examination or the exercise of challenges. It does reflect that the verdict was unanimous. It further reflects that on the day plaintiff filed his petition in Loup County, he sought service of summons on defendant in Garfield County, and thereafter obtained such service. The four identical affidavits referred to above do not state any sources of information. See Hinton v. Atchinson & N. R. R. Co., 83 Neb. 835, 120 N. W. 431. The action by plaintiff against the county board of commissioners in 1955 is quite remote in point of time. The burden here is on plaintiff. From a careful examination of the entire record, we are of the opinion that the order of the trial court overruling the motion for change of venue was the proper one. No abuse of discretion has been shown, and none is implicit in the jury's verdict. The evidence requires neither a finding of negligence on the part of defendant, nor of freedom from negligence on the part of plaintiff.

The trial court submitted the issues of defendant's negligence and plaintiff's contributory negligence to the jury by instructions of which plaintiff makes no complaint other than as above stated.

A jury is not required to accept as absolute verity every statement of a witness not contradicted by direct evidence. The persuasiveness of the evidence may be destroyed even though not contradicted by direct evidence. Ripp v. Riesland, 176 Neb. 233, 125 N. W. 2d 699. Though plaintiff himself testified he attempted to pass defendant's truck, the witness Bohy testified that he never saw plaintiff's pickup in a passing position, and plaintiff's own testimony indicates that defendant never saw plaintiff's pickup in a passing position. The jury may well have disregarded plaintiff's direct testimony,

and determined that plaintiff did not in fact attempt to pass.

Under the rule quoted from the case of Vacanti v. Montes, *supra*, it can also be said that the jury was at liberty to, and may have, reached any one or more of the following conclusions: Plaintiff failed to observe defendant's rear signal lights; plaintiff failed to observe the oncoming vehicle driven by Carroll Bohy at a time when he should have observed it; and plaintiff failed to keep his pickup under proper control, particularly in view of the slippery condition of the highway and his knowledge that defendant was slowing the speed of his truck. It cannot be said that the verdict of the jury was against the weight of the evidence, or was so clearly wrong as to induce the belief that it was the result of passion and prejudice, or was contrary to law. Grimminger v. Cummings, 176 Neb. 142, 125 N. W. 2d 613. It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence. Hopwood v. Voss, 174 Neb. 304, 117 N. W. 2d 778.

The issues tried and presented for review here were of disputed fact and for determination by the jury. It follows therefore that the assignments of error now under consideration may not be sustained.

Plaintiff's final assignments of error, relating to the giving by the trial court of certain instructions, do not attack the instructions as incorrect statements of law. Rather, plaintiff argues that the instructions concern the duties and obligations of one motorist following another, a fact situation not reflected by the evidence. What has been stated above regarding the acceptance by the jury of plaintiff's testimony upon this fact issue should be sufficient to dispose of these assignments. It should be further pointed out, however, that even if the jury accepted plaintiff's testimony, there was a period of time when plaintiff's pickup was behind defendant's truck after the attempt to pass. Whether or not that

period of time was sufficient to constitute "following" would, in any event, be a question for the jury to determine. Finally, and dispositive of the issue, the transcript reflects that prior to trial plaintiff filed the following requested instruction, which he never withdrew: "The driver of an automobile following another, while he must obey the law, is not bound to anticipate that the driver of the car ahead is going to come to a sudden and abrupt stop." A party requesting instructions on a certain theory cannot be heard to complain on appeal that the trial court gave other instructions on the same theory. Stevens v. County of Dawson, 172 Neb. 585, 111 N. W. 2d 220.

The judgment of the trial court is correct and is affirmed.

AFFIRMED.