ALDONA BALIULIS, APPELLANT, v. CAMPELL SOUP
COMPANY, APPELLEE.

285 N. W. 2d 227

Filed November 13, 1979.  No. 42444.

Jon S. Okun and John H. Bernstein of Eisenstatt, Higgins, Kinnamon & Okun, P.C., for appellant.

John R. Timmermier and Rodney G. Gnuse of Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and HOWARD, District Judge.

HOWARD, District Judge.

Plaintiff appeals from an order of the Nebraska Workmen's Compensation Court dismissing her petition for benefits, on rehearing following the award of benefits to her by the one-judge court in the original hearing.

Plaintiff testified that on Monday, August 23, 1976, she and a coemployee, Gloria Hudson, were lifting a heavy box, 250 to 280 pounds, when the box slipped, the entire weight was thrown onto plaintiff, and she felt a pop in her back.  She stated she went to see the employer's staff nurse about 5 minutes later and Jerry Janousek, another coemployee, gave her a ride to another building some distance away where the nurse's office was located.  Mr. Janousek recalled plaintiff complaining about her back and taking her to the building but he did not accompany her

into the nurse's office. Plaintiff did not notify the working foreman, to whom injuries are supposed to be reported, but said she told him about it after seeing the nurse. The foreman had no memory of the event. Gloria Hudson has no recollection of the box slipping or of any such incident and testified that plaintiff never told her she was injured or that the box slipped. The head nurse denies that she saw plaintiff on August 23 or that plaintiff ever complained of the alleged accident or any back injury. She identified the daily log on which such a complaint would be recorded as well as on the worker's individual chart, to which such information is transferred, neither of which contains a notation of the alleged incident or injury. She did see plaintiff, as the log verifies, on August 26, 3 days later, when plaintiff complained of a persisting ankle problem, a dolly having rolled over her foot some time earlier. Plaintiff saw the company physician for that problem. Two coemployees, who did not see the alleged incident, testified that plaintiff told them she had hurt her back while lifting a box.

Plaintiff continued working on the day of the alleged accident, a Monday, and for the remainder of the week. Her vacation started the next week, and she did not go to a doctor. Soon into the vacation her son died tragically and she "landed in the hospital with my nerves" and was heavily sedated. Medical and hospital records received in evidence show that the first complaint of the back was made on October 28 when she consulted Dr. J. E. Ryder about back pain "of several days' duration." She gave no recorded history of an injury. Dr. Ryder also testified by deposition that he had seen plaintiff on October 11 and she had no complaint of back pain. The first recorded indication of an alleged accident appears in the records of Archbishop Bergan Mercy Hospital in June 1977, where it is noted, "* * * may have injured herself at work. She was

lifting a 300 pound object with two other workers and felt 'something popping.' " Dr. Ryder testified that until the June 1977, hospitalization he had no history of an injury, which came to him from Dr. Schima whom he had called in to examine plaintiff. Dr. Ryder stated that in August, September, October, and November 1976, he was treating plaintiff for hives, asthma, and depression and he believes the drugs involved in the treatment would mask symptoms of a back problem. Also, he does not remember plaintiff's mentioning the alleged accident to him, although he stated she later told him she had done so.

Plaintiff underwent a laminectomy in January 1977, and Dr. Ryder testified to a remaining temporary total disability, which he attributes to the alleged accident of August 23, 1976.

The Nebraska Workmen's Compensation Court on rehearing concluded that plaintiff had failed to prove by a preponderance of the evidence that her back disability resulted from an accident arising out of and in the course of her employment by the defendant. Plaintiff contends that the compensation court ignored the testimony of Dr. Ryder with respect to the medical cause of her back problem and substituted its own judgment for that of the only medical witness. The threshold determination for the finder of fact, however, is whether an accident occurred, and it was this question to which the Nebraska Workmen's Compensation Court addressed itself in its comprehensive order of dismissal.

The standard of review is defined in section 48-185, R. R. S. 1943, as follows: "The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment,

order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award." By this standard the findings of fact made by the Nebraska Workmen's Compensation Court will not be set aside unless clearly wrong; and in testing the sufficiency of the evidence to support the findings of fact, the evidence must be considered in the light most favorable to the successful party, with the benefit of every inference that can reasonably be drawn therefrom. Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92.

Triers of fact are not required to accept as absolute verity every statement of a witness not contradicted by direct evidence. Satterfield v. Watland, 180 Neb. 386, 143 N. W. 2d 124. The persuasiveness of evidence may be destroyed even though not contradicted by direct evidence. Meadows v. Skinner Manuf. Co., 178 Neb. 856, 136 N. W. 2d 184. The Nebraska Workmen's Compensation Court could well have been influenced by plaintiff's continued work on the day of the alleged accident and for the remainder of the week, her lack of intention to seek medical attention during her vacation, the subjective nature of her complaints, the adverse testimony of her coworker on the other end of the box, her failure to report the accident to the working foreman, the adverse testimony of the nurse and the absence of any record of the alleged accident or back complaint, her visit to the nurse and company physician 3 days later for another condition without mention of the alleged accident, her failure to report such a history to her physician, the length of time before the onset of any symptoms, and the elapse of approximately 10 months before any such history was recorded.

We cannot say on this record that the findings of fact made by the Nebraska Workmen's Compensa-

tion Court after rehearing are clearly wrong. The evidence instead is clearly sufficient to support the findings.

AFFIRMED.